UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASMARA, INC.,<br><br>Plaintiff<br><br>v.<br><br>KAOUD BROTHERS OF<br>HOLYOKE, INC.,<br>FRED KAOUD ORIENTAL<br>RUGS, LLC,<br>KAOUD ORIENTAL RUGS, INC.,<br>KAOUD BROTHERS ORIENTAL<br>RUGS, LLC,<br>FRED KAOUD, SR.,<br>FRED KAOUD, JR.,<br>ABRAHAM KAOUD,<br>RANDY KAOUD,<br>MAURICE KAOUD, and<br>ISAM KAOUD,<br><br>Defendants. | Civil Action No. _____<br><br>04 CV 10118 RGS<br><br>MAGISTRATE JUDGE _____ |

RECEIPT # 53254
AMOUNT $ 150 -
SUMMONS ISSUED 10
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 1-16-04

## COMPLAINT

This is an action for infringement of copyright in an original carpet design owned and sold by plaintiff Asmara, Inc. ("Asmara"). Asmara hereby complains of defendants as follows:

### Parties

1. Asmara is a Massachusetts corporation having its principal place of business at 88 Black Falcon Avenue, Boston, MA 02210. It is engaged in the business of designing, manufacturing, importing and selling fine carpets, many of which embody original and proprietary designs. Asmara is the copyright owner of the work at issue in this action.

2. Defendant Kaoud Brothers of Holyoke, Inc. ("Kaoud Holyoke") is, according to plaintiff's information and belief, a Massachusetts corporation having its principal place of business at 98 Lower Westfield Road, Holyoke, Massachusetts 01040. It is engaged in the business of manufacturing, importing, and/or selling carpets.

3. Defendant Fred Kaoud Oriental Rugs, LLC ("Kaoud LLC") is, according to plaintiff's information and belief, a Connecticut limited liability company having its principal place of business at 27 Danbury Road, Wilton, Connecticut 06897. It is engaged in the business of manufacturing, importing, and/or selling carpets.

4. Defendant Kaoud Oriental Rugs, Inc. ("Kaoud Inc.") is, according to plaintiff's information and belief, a Connecticut corporation having its principal place of business at 81 Elm Street, New Canaan, Connecticut 06840. It is engaged in the business of manufacturing, importing, and/or selling carpets.

5. Defendant Kaoud Brothers Oriental Rugs, LLC ("Kaoud Brothers") is, according to plaintiff's information and belief, a Connecticut limited liability company having its principal place of business at 17 South Main Street, West Hartford, CT 06107. It is engaged in the business of manufacturing, importing, and/or selling carpets.

6. Defendant Fred Kaoud, Sr. ("Kaoud, Sr.") is, according to Asmara's information and belief, an owner and principal operating officer of defendant Kaoud LLC, and thus has the power and authority to direct the actions of defendant Kaoud LLC and a direct financial interest in the copyright infringement described in this Complaint.

7. Defendant Fred Kaoud, Jr. ("Kaoud, Jr.") is, according to Asmara's information and belief, the manager and principal operating officer of defendant Kaoud LLC and an owner of defendant Kaoud LLC, and thus has the power and authority to

direct the actions of defendant Kaoud LLC and a direct financial interest in the copyright infringement described in this Complaint.

8. Defendant Abraham Kaoud ("Abraham") is, according to Asmara's information and belief, the owner and principal operating officer of defendant Kaoud Holyoke and an owner and officer of defendant Kaoud Brothers, and thus has the power and authority to direct the actions of defendants Kaoud Holyoke and Kaoud Brothers and a direct financial interest in the copyright infringement described in this Complaint.

9. Defendant Randy Kaoud ("Randy") is, according to Asmara's information and belief, an owner and principal operating officer of defendant Kaoud Inc., and thus has the power and authority to direct the actions of defendant Kaoud Inc. and a direct financial interest in the copyright infringement described in this Complaint.

10. Defendant Maruice Kaoud ("Maurice") is, according to Asmara's information and belief, an operating officer and manager of defendant Kaoud Holyoke, and thus has the power and authority to direct the actions of defendant Kaoud Holyoke and a direct financial interest in the copyright infringement described in this Complaint.

11. Defendant Isam Kaoud ("Isam") is, according to Asmara's information and belief, an operating officer and manager of defendant Kaoud LLC, and thus has the power and authority to direct the actions of defendant Kaoud LLC and a direct financial interest in the copyright infringement described in this Complaint.

12. The Kaoud family owns and operates oriental rug stores throughout New England including defendants Kaoud Holyoke, Kaoud LLC, Kaoud Inc. and Kaoud Brothers. All store locations are owned and operated by members of the Kaoud family. Defendants will sometimes be referred to collectively hereafter as "Kaoud."

## Jurisdiction and Venue

13. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

14. This Court has jurisdiction over the non-Massachusetts defendants because, *inter alia*, such defendants acting in concert have routinely ordered, imported, and shipped into the Commonwealth of Massachusetts for sale within the Commonwealth, merchandise including but not limited to the carpets at issue in this action.

15. Venue is appropriate in this Court under 28 U.S.C. §1400(a).

## Factual Background

16. In 1998, plaintiff Asmara caused a new carpet design to be created by its President Abid Ilahi in collaboration with a free-lance artist. Asmara gave the name "Summer" to this new carpet design, and caused copies of it to be manufactured for sale. The first "Summer" carpet was offered for sale on or about April 10, 1998. The freelance artist has assigned all rights in the design to Asmara. A photographic depiction of this carpet is attached hereto as Exhibit A.

17. Asmara caused its copyright in the "Summer" design to be registered in the United States Copyright Office on or about November 28, 2001. A copy of its Certificate of Registration, No. VA 1-110-596, is attached hereto as Exhibit B.

18. Defendants have been manufacturing and/or importing, and selling to the public, knockoff copies of Asmara's "Summer" carpet. They have been doing so without authorization from Asmara, and on a nationwide basis.

19. Asmara first learned of Kaoud's unauthorized carpet in early December 2003, when a copy of the "Summer" carpet was seen in the window of Kaoud Inc. under the name "Aubusson." See photo attached as <u>Exhibit C</u>. A sign in the window claimed the carpet is "available in other sizes." See photo attached as <u>Exhibit D</u>. Upon further investigation, Asmara learned that Kaoud has more than one store in various New England areas and according to plaintiffs' information and belief they all sell copies of the "Summer" design knockoff.

20. Based on the above information and its knowledge of the rug trade, Asmara believes that

   a. Kaoud's unlawful sales of its infringing copies of the "Summer" design have deprived Asmara of substantial income that it would otherwise have obtained from selling its "Summer" carpets, and

   b. Kaoud's unlawful sales and those of its customers have garnered substantial profits to which Kaoud and its customers are not entitled.

21. Defendants' actions in manufacturing and/or importing its unauthorized carpets, and selling them within the United States, constitute infringement of Asmara's copyright in the "Summer" design, in violation of Asmara's rights under the copyright laws of the United States, specifically 17 U.S.C. §106.

UPON THE BASIS OF THE FOREGOING, Asmara prays that this Honorable Court:

A. Issue a preliminary order enjoining defendants, and all those acting in concert with them or who have obtained copies of defendants' infringing carpets for resale, from all further manufacture, importation, advertising and distribution of such carpets, during the pendency of this litigation;

B. Issue an order permanently enjoining defendants, and all those acting in concert with them or who have obtained copies of defendants' infringing carpets for resale, from all further manufacture, importation, advertising and distribution of such carpets;

C. Award Asmara all of its direct and consequential damages arising from defendants' infringement and contributory infringement of copyright.

D. Award Asmara an accounting of defendants' profits from infringement and of the profits of those to whose infringement defendants have contributed.

E. Award Asmara its reasonable attorneys' fees, costs of suit and interest.

F. Award Asmara such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

ASMARA, INC.

By its attorneys,

1-16-04
Date

William S. Strong, Esq., BBO #483520
Amy C. Mainelli, Esq., BBO#657201
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 (fax)

WSS/Asmara/Kaoud complaint